Morgan *vs.* Collier.

No. 72.—Henry Morgan, plaintiff in error,· *vs.* G. W. Collier, defendant in error.

[1.] All the property of a person arrested and convicted upon a criminal charge, or who may escape from jail, or from any officer, owned by him at the time of the arrest, is bound for the costs of prosecution, by statutory lien, which attaches also upon the proceeds of the property, when identified. This lien overrides a title to property made by him, upon sale for professional services, after his arrest and before conviction.

Rule against Sheriff, in Baker Superior Court. Heard and decided by Judge Perkins. April Term, 1853.

Waller D. Whaley was tried and convicted in Baker Superior Court, of the crime of larceny. At the time of his arrest, the Sheriff, George W. Collier, seized certain property belonging to Whaley, for the purpose of paying the cost which might accrue in the prosecution of the case. The property was subsequently sold by the Sheriff. Before the trial and conviction of Whaley, he transferred the property seized by the Sheriff, to Henry Morgan, attorney at law.

Morgan, after the property was sold by the Sheriff, filed a rule against that officer to compel him to pay over the money arising from the sale of the property, to (him) Morgan.

At the hearing, the Court dismissed the rule, upon the ground, " that all the property owned by Whaley at the time of his arrest, was liable and bound for the payment of costs, in the event of a conviction, and that a sale of any property so situated, after arrest, would not remove the lien created by Statute."

To which decision Morgan excepted.

H. Morgan, for plaintiff in error.

Sol. Gen. Lyon, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] When the case of *Whaley vs. The State* was before us at Columbus, we held that the arresting officer had no right before conviction, to seize and sell the property of the defendant to pay costs, &c. without written directions to do so from the committing Magistrate. That case went that far and no, farther. Here we have a different question. The defendant Whaley, was convicted, and judgment for costs entered up against him. After conviction and judgment for costs, there is found in the hands of the Sheriff, a sum of money raised from the sale of the defendant's property, (a horse and saddle.) This property belonged to him at the time of his arrest, and was conveyed by him to the plaintiff in error, Mr. Morgan, for professional services, after the arrest and before conviction. The question is, to whom does the fund belong—to the officers of the Court, for the payment of costs, or to Mr. Morgan? The latter claims upon his title, derived from Whaley before conviction, and the former rely upon a statutory lien, which they say attached upon the property when the defendant was arrested, and follows the proceeds when and wherever identified. The position of the officers is impregnable, because by Statute, all the property that a defendant arrested upon a criminal charge and found guilty, or who may escape from jail, or from any officer, may have in his, her or their right, *at the time of the arrest,* is made subject to the payment of all costs which may have accrued by reason of the prosecution. Here is a specific statutory lien, which Whaley could not defeat by aliening the property. *Cobb's N. D.* 857, 859, 860. *Peters vs. The State,* 9 *Ga. R.* 112. 11 *Ga. R.* 130.

Let the judgment be affirmed.